UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:11-CR-345-T-17AAS

JOSE JORGE MONTEON DELFIN.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 628 | Amendment 782 Memorandum |
| Dkt. 663 | Notice that Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 782 Omnibus Order |
| Dkt. 669 | Motion to Modify/Reduce Sentence Pursuant To 18 U.S.C. Sec. 3582(c)(2) and Amendment 782 |
| Dkt. 671 | Response |
| Dkt. 683 | Reply |

Defendant Jose Jorge Monteon Delfin, pro se, moves for a two-level reduction to the base offense level under which Defendant Delfin was sentenced, to a base offense level of 31, an advisory range of 108 to 135 months, and a term of imprisonment of 108 months, pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782.

I. Background

After Defendant Delfin entered a plea of guilty to Counts 1 and 2 of the Indictment (Dkts. 444, 447), Defendant Delfin was sentenced on February 28, 2014. Count 1 charged Defendant Delfin with Conspiracy to Possess with Intent to Distribute Five Kilograms or more of Cocaine, 500 Grams or More of Methamphetamine Mixture and a Quantity of Marijuana; Count 2 charged

Case No. 8:11-CR-345-T-17AAS

Defendant Delfin with Conspiracy to Commit Money Laundering.

Defendant Delfin raised two objections at sentencing: 1) objection to enhancement for possession of a firearm, and 2) objection as to role in the offense. The Court overruled these objections. (Dkts. 628, pp. 31-33).

At sentencing, Defendant Delfin was accountable for distribution of in excess of 700 kilograms of cocaine. (Dkt. 628, pp. 19, 24). The PSR states:

> 43. ...The government and case agents have estimated through analysis of all items seized, that Jose Jorge Monteon Delfin, is accountable for the distribution of a total amount of cocaine in excess of 700 kilograms. Based on this estimated quantity of cocaine, the other drugs which the defendant is accountable for distributing are negligible for guidelines calculation purposes."

(Dkt. 628, p. 19).

Defendant Delfin's base offense level was 38. (Dkt. 628, p. 24).

The Court determined the following advisory guidelines range, before variances and departures:

| | |
|---|---|
| Total Offense Level: | 42 |
| Criminal History Category: | I |
| Imprisonment Range: | 360 months to life |
| Supervised Release Range: | 5 years to life as to Count 1 |
| | 1 to 3 years as to Count 2 |
| Fine Range: | $25,000 to $10,500,000 |
| Special Assessment: | $200 |

2

Case No. 8:11-CR-345-T-17AAS

At sentencing, the Government moved for a 2-level reduction for substantial assistance, which the Court granted. (Dkts. 467, 469). This reduced the total offense level to 40, Criminal History Category 1, with an advisory range of 292 to 365 months imprisonment.

Defendant Delfin was sentenced to 292 months, concurrent, followed by 60 months supervised release, concurrent, as to Count 1; 240 months, concurrent, followed by 36 months supervised release, concurrent, as to Count 2; fine waived, and $100 special assessment fee as to each Count.

The Statement of Reasons reflects that the Court adopted the PSR without change, that the Court departed from the advisory guidelines range for reasons authorized by the sentencing guidelines manual, that the Court departed under a 5K1.1 plea agreement based on defendant's substantial assistance, and that, after considering the advisory sentencing guidelines and all of the Section 3553(a) factors, the Court found that the sentence imposed was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing, and the Court found the sentence is reasonable and adequate. (Dkt. 628, pp. 3-6).

After sentencing, the Government moved to further reduce Defendant Delfin's sentence for substantial assistance by 6 levels. (Dkt. 511). On August 5, 2015, the Court granted the Government's Rule 35 Motion. (Dkts. 531, 532). This reduced the total offense level to 33, Criminal History Category I, with an advisory range of 135 to 168 months imprisonment.

Defendant Delfin's Amended Judgment provided: 135 months, concurrent, followed by 60 months supervised release, concurrent, as to Count 1; 135 months, concurrent, followed by 36 months supervised release, concurrent, as to Count 2; fine waived; $100 special assessment fee as to each Count. (Dkt. 538).

Case No. 8:11-CR-345-T-17AAS

The Federal Defender was appointed to represent Defendant Delfin for his Amendment 782 Motion, but has declined to file a motion to reduce sentence because Amendment 782 does not have the effect of lowering Defendant Delfin's base offense level. (Dkt. 663, p. 2).

II.     Defendant Delfin's Motion

Pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782, Defendant Delfin moves for a reduction of sentence to total offense level 31, Criminal History Category 1, with an advisory range of 108 to 135 months.

The Government opposes Defendant Delfin's Motion. The Government asserts that Amendment 782 does not lower Defendant Delfin's guideline range; Defendant Delfin's base offense level remains at 38, based on the amount of cocaine for which Defendant Delfin was held accountable, more than 700 kilograms. United States v. Madera-Sanchez, 613 Fed. Appx. 798, 800 (11th Cir. 2015) (unpublished).

In the Reply, Defendant Delfin asserts that the Court's determination at sentencing that Defendant Delfin was accountable for more than 700 kilograms of cocaine is not relevant to Defendant Delfin's Motion to Reduce Sentence, and has no effect on the Court's Defendant Delfin's Motion. (Dkt. 683, p. 8).

A.      18 U.S.C. Sec. 3582(c)(2)

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify

Case No. 8:11-CR-345-T-17AAS

an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). A defendant is not eligible for a reduction under § 3582(c)(2) if a guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." Id. § 1B1.10(a)(2)(B).

B.     Defendant Delfin's Eligibility

At Defendant Delfin's original sentencing, the Court adopted the PSR without change. The Court also notes that Defendant Delfin asserted other objections at sentencing, but did not object to the factual determination in the PSR that Defendant Delfin was accountable for distribution of in excess of 700 kilograms of cocaine.

Due to the quantity of drugs for which Defendant Delfin is accountable, the Court finds that Amendment 782 does not have the effect of lowering Defendant Delfin's applicable guideline range. Therefore Defendant Delfin is not eligible for a reduction of sentence pursuant to 18 U.S.C. Sec. 3582(c)(2). Because Defendant Delfin is not eligible for a reduction of his sentence, the Court does not address the Sec. 3553(a) factors. Accordingly, it is

**ORDERED** that pro se Defendant Jose Jorge Monteon Delfin's Motion to Modify/Reduce Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782 (Dkt. 669) is **denied**.

Case No. 8:11-CR-345-T-17AAS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 22 day of May, 2019.

_____
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

Pro Se Defendant:

Jose Jorge Monteon Delfin
Reg. # 45227-298
Great Plains Correctional Facility
P.O. Box 400
Hinton, OK   73047